**SECURITY TRUST CO. et al. v. VILLAGE OF GROSSE POINTE et al.**

No. 5577.

Circuit Court of Appeals, Sixth Circuit.

July 2, 1930.

Wm. G. Fitzpatrick and Thomas G. Long, both of Detroit, Mich. (Stevenson, Butzel, Eaman & Long and William L. Carpenter, all of Detroit, Mich., on the brief), for appellants.

Hal H. Smith, of Detroit, Mich. (Albert E. Meder and Beaumont, Smith & Harris, all of Detroit, Mich., on the brief), for appellees.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The present case involves the question whether the appellant now holds an existing, effective, and perpetual franchise for street railway operation upon Jefferson avenue in the village of Grosse Pointe, contiguous to Detroit. On April 11, 1887, the township board of the township of Grosse Pointe, then exercising political control over the territory in question and which territory now constitutes the village of Grosse Pointe, granted to one Calvin K. Brandon, and his associates, a perpetual and exclusive franchise to construct, maintain, and operate a street railway along Mack Road, Jefferson avenue, and several intersecting streets, "the building of said road to be commenced within one year" from the date of the grant and be "completed as far as the private road known as Fisher Road, within three years from said date." There is substantial evidence to support the contention that the road was constructed under said franchise over and along Mack Road, and, southerly on Clark (now St. Clair) avenue to Jefferson avenue; but there is practically no evidence to show that the rights granted were ever exercised by Brandon, or his assigns, within the period specified, by the construction of a line of street railway along Jefferson avenue itself.

Indeed, the legislative history of the franchise grants seems to negative this fact. As of June 21, 1889, two years after the Brandon grant, the village of Grosse Pointe was reincorporated so as to include the territory now involved, formerly a part of the township. The Brandon franchise was exclusive, and yet we find that on March 13, 1891, the village granted a franchise to occupy Jefferson avenue to one George Hendrie and associates. This franchise contains no mention of other tracks already located in Jefferson avenue. In fact, the only suggestion of

the possibility of conflicting rights is found in the provision for operating on Fisher Road, and thence over a private right of way, to be exercised only if "grantees are prevented by legal proceedings from building on Jefferson Avenue easterly of said Fisher Road." The clear inference from this is, we think, that at that time no steps had been taken by Brandon and his associates to exercise their rights upon Jefferson avenue under the 1887 township franchise.

Both the Brandon township and the Hendrie village franchises were assigned to the Detroit Suburban Railway Company November 1, 1892. On April 17, 1893, the village council passed an ordinance, and the Detroit Suburban Railway Company entered into an agreement with the village, both of which recited the acquisition of the Hendrie franchise (but made no mention of the Brandon grant) and the completion of the construction from Detroit to Fisher Road, extended the time for completion within the remainder of the village, over the two years allowed by the Hendrie franchise, and specifically surrendered that grant, accepting in lieu thereof a franchise for the fixed term of thirty years. This is additional persuasive evidence both to the effect that the only occupancy of Jefferson avenue by street railway tracks was pursuant to and under the Hendrie franchise, and that it was then the intention of the Detroit Suburban Railway Company to surrender completely its rights in the village streets, whatever they might be, and to accept a new franchise for thirty years in lieu thereof.

It is insisted that whatever the intent of representatives of the Suburban at that time, or their understanding of the situation, the Detroit Suburban Railway Company was the admitted owner of the Brandon franchise; that this franchise was not specifically conditioned upon completion in three years and no forfeiture has been declared in judicial proceedings nor repeal attempted; that Brandon and his associates, or assigns, had actually completed a substantial part of their railway, over Clark and Mack avenues, and thence to Detroit, and that this protected the Suburban in equity against forfeiture of this Brandon grant, without requiring it to raise unnecessarily a controversial subject; that the Brandon township franchise covered only the territory and Jefferson avenue east of Fisher Road; and that it was therefore open to the owner of such franchise at any time to complete the construction of its line, already located on Mack and Clark avenues,

by extending it along Jefferson avenue from the intersection of that street with Clark avenue. This position is untenable. Aside from the fact that a franchise to occupy a number of different streets, expressly named in it, may be exercised as to some of such streets, and abandoned as to others through long neglect and disuse, the ordinance and agreement of April 17, 1893, were equivalent to the announcement of a definite position by the Detroit Suburban Railway Company that it held solely under the Hendrie franchise, and an acquiescence in the abandonment by Brandon of any rights in Jefferson avenue. Both parties having acted upon this understanding in the grant and acceptance of a new thirty-year franchise, the recipient of that grant may not, at the expiration of that franchise, claim rights wholly inconsistent with the position then taken. Familiar principles of waiver and estoppel prevent such a course.

The lines upon Clark and Mack avenues were torn up and abandoned about 1895. While the Brandon franchise was mentioned in a mortgage executed November 1, 1892, this was prior to the franchise and agreement of April 17, 1893, and prior also to the complete abandonment of the Mack avenue lines. More than thirty years after this collateral mention, the franchise is raised from oblivion and made the only basis of claim of present rights. We are clearly of the opinion that, so far as rights in Jefferson avenue are concerned, the abandonment was complete, either when the Hendrie franchise of 1891 was granted, or certainly by the time the Hendrie franchise was acquired by the Detroit Suburban Railway Company in 1892, since, up to that time, there had been no action by Brandon with respect to Jefferson avenue (N. Y. Electric Lines v. Empire City Subway, 235 U. S. 179, 35 S. Ct. 72, 59 L. Ed. 184); that if the abandonment was not then complete, all rights under the original grant were subsequently abandoned by the Detroit Suburban Railway Company when the Mack and Clark avenue lines, the only evidence of exercise of any of the rights granted to Brandon, were torn up in 1895; thereafter there was an end to the contention that tracks laid on Jefferson avenue were but the extension of the lines already constructed. But even if this were not so, we think that whatever shadow of right remained was lost by abandonment, waiver, and estoppel on April 17, 1893, or by acquiescence and laches thereafter.

Decree affirmed.